**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4589**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

LARRY ANTHONY LADSON, SR., a/k/a Big L,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Donald C. Coggins, Jr., District Judge.  (6:22-cr-00096-DCC-1)

_____

Submitted:  July 25, 2024                                          Decided:  July 29, 2024

_____

Before GREGORY, HARRIS, and QUATTLEBAUM, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  William W. Watkins, Sr., WILLIAM W. WATKINS, PA, Columbia, South Carolina, for Appellant.  Adair F. Boroughs, United States Attorney, Columbia, South Carolina, Christopher B. Schoen, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In April 2023, a jury convicted Larry Anthony Ladson, Sr., of multiple narcotics and firearms offenses, and the district court imposed an aggregate downward variant sentence of 204 months' imprisonment. Ladson appeals, challenging the denial of his pretrial motion to suppress. We affirm.

"In reviewing a district court's denial of a motion to suppress, we review legal determinations de novo and factual findings for clear error." *United States v. Small*, 944 F.3d 490, 502 (4th Cir. 2019). When, as here, the district court has denied a defendant's suppression motion, we consider the evidence in the light most favorable to the Government and "give due weight to inferences drawn from those facts by resident judges and law enforcement officers." *United States v. Pulley*, 987 F.3d 370, 376 (4th Cir. 2021) (internal quotation marks omitted). "When reviewing factual findings for clear error, we particularly defer to a district court's credibility determinations, for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." *United States v. Palmer*, 820 F.3d 640, 653 (4th Cir. 2016) (cleaned up).

Although Ladson raised multiple arguments in the district court pertaining to the several search warrants involved in this case, counsel for Ladson advances only one contention on appeal. Specifically, Ladson asserts that the officers' entry into his home, where they observed drugs in plain view, was outside the scope of the first warrant because that warrant only authorized the arrest of Ladson's son, Trico, whom the police had already arrested at another location prior to entering the subject property. Upon review, we conclude that the record does not support this position. As the district court explained, the

2

subject warrant authorized the police to enter Ladson's home—which was identified as Trico's last known address—to search both for Trico's person and for any evidence pertaining to the ongoing investigation into Trico's involvement in a murder and armed robbery. Thus, we reject as a matter-of-fact Ladson's assertion that entry into his home pursuant to this warrant was improper because the police previously placed Trico in custody.

Ladson's counseled brief raises no other arguments or issues related to the district court's thorough order denying the multi-pronged motion to suppress. Accordingly, we discern no error in the court's holding that the officers' entry into Ladson's home—which led to the issuance of a second search warrant and subsequent seizure of narcotics and firearms—did not violate the Fourth Amendment. We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*